**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**REGAL GAMES, LLC,**

                                    **Plaintiff,**

          **- vs -**

**SELLERX EIGHT GmbH d/b/a**
**SELLERX,**

                                    **Defendant.**

**Civil Action No. 1:22-cv-7455-ER**

Hon. Edgardo Ramos

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR EXPENSES AND ATTORNEYS' FEES**

Daniel J. Brown, Esq.
Judd R. Spray, Esq. (Of Counsel)
**BROWN LAW GROUP, PLLC**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel: (212) 485-9805
Dan@BrownLawGroupLLC.com
*Attorneys for Defendant SellerX*
  *Eight GmbH*

April 19, 2023

### TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT .........................................................................1

ARGUMENT ...................................................................................................2

I.   The Court Should Deny Plaintiff's Motion Because
     the Federal Rules Do Not Authorize the Court To Shift
     the Cost of Hague Convention Service to a Foreign Defendant ................................3

II.  The Court Should Decline Plaintiff's Invitation To
     Disregard the Text of Rule 4, the Advisory Committee's
     Notes, and the Caselaw Interpreting the Rule .........................................................6

III. The Court Should Disregard Plaintiff's Red Herrings ............................................9

CONCLUSION ................................................................................................9

# TABLE OF AUTHORITIES

## Cases

**Page(s)**

*Ackermann v. Levin*,
 788 F.2d 830 (2d Cir. 1986)....................................................................2, 9

*Alticor Inc. v. Wang*,
 1:19-CV-1098, 2020 WL 12675646 (W.D. Mich. Feb. 28, 2020) ...................7

*BDL Int'l v. Sodetal USA, Inc.*,
 377 F. Supp. 2d 518 (D.S.C. 2005)...........................................................5, 6

*Brockmeyer v. May*,
 383 F. 3d 798 (9th Cir. 2004) ...................................................................1, 4

*Caminetti v. United States*,
 242 U.S. 470 (1917)...................................................................................2, 8

*Campinha-Bacote v. Kristi Hudson and Dynamic Nursing Educ.*,
 1:14-CV-320, 2015 WL 11120336 (S.D. Ohio Feb. 18, 2015) ................5, 6, 9

*Capturion Network, LLC v. Liantronics, LLC*,
 2:19-CV-13-TBM-MTP, 2022 WL 37137 (S.D. Miss. Jan. 4, 2022)............5, 8

*Estate of Miller by and through Miller v. Toyota Motor Corp.*,
 6:07-CV-1358-ORL-19DAB, 2008 WL 11336631 (M.D. Fla. May 8, 2008) ...............5, 6

*Hislop v. Paltar Petroleum Ltd.*,
 17-CV-02371-RBJ, 2018 WL 5014123 (D. Colo. Oct. 16, 2018)..................5, 6

*O'Rourke Brothers, Inc. v. Nesbitt Burns, Inc.*,
 201 F.3d 948 (7th Cir. 2000) .....................................................................1, 8

*Steinberg v. Quintet Pub. Ltd.*,
 No. 98 CIV 3348(DLC), 1999 WL 459809 (S.D.N.Y. June 29, 1999)..........5, 9

*Wilson v. USA*,
 3:20-CV-01216-GCS, 2003 WL 317662 (S.D. Ill. Jan. 19, 2023), ...................7

## Statutes, Treaties, and Rules

Convention on the Service Abroad of Judicial and Extrajudicial Documents ..................... *passim*

Federal Rule of Civil Procedure 4 ........................................................................... *passim*

## PRELIMINARY STATEMENT

Plaintiff Regal Games, LLC ("Plaintiff"), seeks an award of its purported expenses and attorneys' fees incurred in serving its Summons and Complaint on Defendant SellerX Eight GmbH ("SellerX"), a German corporation, pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").  Yet Plaintiff is unable to cite a single precedent, from anywhere in the United States, in which a court shifted the cost of Hague Convention service to a foreign defendant.  SellerX is similarly unaware of any such precedent.

Lacking any authority that supports its position, Plaintiff has taken on the difficult task of trying to explain why all existing authorities on this question are purportedly incorrect.  Along the way, Plaintiff cites:

- The Advisory Committee Notes to Federal Rule of Civil Procedure 4 ("Rule 4"), which clearly state that there are no adverse consequences to a foreign defendant for refusing to waive service of process, because "the provisions for shifting the expense of service to a defendant that declines to waive service apply only if the plaintiff and defendant are both located in the United States";

- A decision of the Ninth Circuit, *Brockmeyer v. May*, 383 F. 3d 798, 807-08 (9th Cir. 2004), explaining that a proposed revision to Rule 4 was amended specifically to eliminate a provision assessing the costs of service against foreign defendants that decline to waive service;

- A decision of the Seventh Circuit, *O'Rourke Brothers, Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000), which states that, "Rule 4(d)(2) provides foreign defendants the ability to waive service but exempts them from the costs for a failure to execute the waiver"; and

- A decision of the U.S. Supreme Court, *Caminetti v. United States*, 242 U.S. 470, 485 (1917), stating that the meaning of a statute must be sought in the language in which it is framed.

These precedents eviscerate Plaintiff's motion, and Plaintiff therefore asks this Court to make entirely new law.  Plaintiff seeks reversal of the existing law on this topic based almost exclusively on a 2020 blog post, which argues that it would be appropriate to shift the cost of Hague Convention service to some (but not all) foreign defendants.  Notably, the blogger also could not find any precedent supporting his theory.  In his words, "[u]nfortunately, there is no positive *on-point* case law on the 4(d) fee-shifting issue– at least not that I can find."[1]

The truth is that Plaintiff simply resents having to comply with the Hague Convention, which Plaintiff belittles as an "outdated treaty."  (Plaintiff's M.O.L. (CM/ECF No. 20) at 13).  Notwithstanding Plaintiff's derision, however, the Hague Convention is still the supreme law of the land.  *Ackermann v. Levin*, 788 F.2d 830, 838 (2d Cir. 1986).  SellerX was entitled to insist on service that complied with the Hague Convention, and nothing in the Federal Rules or elsewhere says otherwise.  There is no legal basis for shifting the cost of service to SellerX, and Plaintiff's motion should therefore be denied.

## <u>ARGUMENT</u>

The Court should deny Plaintiff's motion for at least three reasons.  First, nothing in Rule 4 authorizes the Court to shift the cost of Hague Convention Service to a foreign defendant.  Second, Plaintiff does not provide any persuasive reason to depart from the plain language of Rule 4, the Advisory Committee's Notes on the Rule, or the existing caselaw to create an entirely

---

[1] *See* https://www.haguelawblog.com/2020/04/rule-4d-waivers-and-fee-shifting/ (accessed on 4/19/23).

new standard for shifting fees to foreign defendants.  Third, Plaintiff's motion is replete with red herrings that have nothing to with the question of whether SellerX should have to compensate Plaintiff for the costs of complying with federal law to initiate this lawsuit.

I.    **The Court Should Deny Plaintiff's Motion Because
      the Federal Rules Do Not Authorize the Court To Shift
      <u>the Cost of Hague Convention Service to a Foreign Defendant.</u>**

Federal Rule of Civil Procedure 4 provides for shifting the cost of service where a domestic corporation fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States.  *See* Fed. R. Civ. P. 4(d)(2).  Specifically, Rule 4(d)(2) states that, "if a defendant **<u>located within the United States</u>** fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States," the Court must impose certain expenses on that defendant.  *Id.* (emphasis added).  This mandatory fee-shifting expressly and only concerns domestic corporations.  Rule 4(d)(2) is therefore, on its face, irrelevant to Plaintiff's motion, as it is undisputed that SellerX is a German corporation.  (*See* Plaintiff's M.O.L. at 1 (describing SellerX as "a German company headquartered in Berlin"[2]).)

Rule 4(f), unlike Rule 4(d), concerns service on an individual in a foreign country.  It states that individuals outside the United States may be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  There is no equivalent to Rule 4(d)(2), anywhere in Rule 4, concerning shifting the costs of service to foreign defendants.  To the contrary, the Advisory Committee's Notes on the 1993 Amendment to Rule 4(d) state clearly and unequivocally that, "[i]t should be noted that

---

[2] Indeed, the purported jurisdictional basis for this lawsuit is diversity of citizenship.  (*See* Compl. ¶ 14 ("Diversity of citizenship exists because Plaintiff is a citizen of Illinois, and Defendant is a citizen of Germany.").)

the provisions for shifting the cost of service apply only if the plaintiff and defendant are both located in the United States, and accordingly a foreign defendant need not show 'good cause' for its failure to waive service." *See* Notes of Advisory Committee on Rules—1993 Amendment. The Notes go on to explicitly state that there are no "adverse consequences" to a foreign defendant that declines to waive Hague Convention service, "since the provisions to shifting the expense of service to a defendant that declines to waive service apply **only** if the plaintiff and defendant are both located in the United States." *Id.* (emphasis added). In fact, the Notes further provide that a foreign defendant refusing to waive service is not required to show "good cause" for failing to waive service because cost shifting does not apply to foreign defendants. *Id.* ("It should be noted that the provisions for shifting the cost of service apply only if the plaintiff and the defendant are both located in the United States, and accordingly a foreign defendant need not show 'good cause' for its failure to waive service").

In *Brockmeyer*, the Ninth Circuit explains why Rule 4 distinguishes between foreign and domestic defendants concerning the costs of service. A proposed 1989 revision to Rule 4(d) "would have assessed costs incurred in effective service against all defendants [that] failed to waive service, including defendants outside the United States." *Brockmeyer*, 383 F.3d at 807. The British government objected to that proposed rule change. *Id.* The British government specifically objected that the revised rule, if adopted, would "run contrary to the public policy of the United Kingdom, which is that litigation affecting persons resident in the United Kingdom and commenced in foreign jurisdictions should be properly documented in public forum." *Id.* In response to these concerns, the Advisory Committee revised the proposed Rule 4(d) to eliminate the provision assessing costs of service against foreign defendants that decline to waive service.

*Id.* at 807 -08.  In short, the drafting history underlying the existing version of Rule 4 demonstrates that Plaintiff's proposed interpretation was explicitly considered and flatly rejected.

Not surprisingly, judicial opinions from courts all over the country, interpreting Rule 4(d) as it currently exists, uniformly interpret the rule to mean what it says.  *See, e.g., Steinberg v. Quintet Pub. Ltd.*, No. 98 CIV 3348(DLC), 1999 WL 459809 (S.D.N.Y. June 29, 1999).[3]  In *Steinberg*, this Court denied a motion for the costs of serving an English corporate defendant in England pursuant to the Hague Convention.  In reaching that result, the Court merely quoted Rule 4(d) and the Advisory Committee's notice—no further analysis was required to deny the motion, given that the defendant was English.

The Court in *BDL Int'l v. Sodetal USA, Inc.,* 377 F. Supp. 2d 518 (D.S.C. 2005) reached the same conclusion that this Court reached in *Steinberg*, noting that "foreign defendants can fail to comply with a request to waive service and still avoid paying for service."  *Id.* at 521 n. 5.  On a fee-shifting motion against a Japanese defendant, the Middle District of Florida held that "the plain language of the Rule compels denial of the motion."  *Estate of Miller by and through Miller v. Toyota Motor Corp.*, 6:07-CV-1358-ORL-19DAB, 2008 WL 11336631, at *1 (M.D. Fla. May 8, 2008).  The Court in *Campinha-Bacote v. Kristi Hudson and Dynamic Nursing Educ.,* 1:14-CV-320, 2015 WL 11120336 (S.D. Ohio Feb. 18, 2015), agreed, denying a motion for fee-shifting because the defendant there was located in Canada.  *Id.* at *5.  The court in

---

[3] *See also O'Rourke Bros. Inc.,* 201 F.3d at 951; *BDL Int'l v. Sodetal USA, Inc.,* 377 F. Supp. 2d 518, 521 n. 5 (D.S.C. 2005); *Capturion Network, LLC v. Liantronics, LLC,* 2:19-CV-13-TBM-MTP, 2022 WL 37137, at *1 (S.D. Miss. Jan. 4, 2022); *Campinha-Bacote v. Kristi Hudson and Dynamic Nursing Educ.,* 1:14-CV-320, 2015 WL 11120336, at *5 (S.D. Ohio Feb. 18, 2015); *Hislop v. Paltar Petroleum Ltd.*, 17-CV-02371-RBJ, 2018 WL 5014123, at *8 (D. Colo. Oct. 16, 2018); and *Estate of Miller by and through Miller v. Toyota Motor Corp.,* 6:07-CV-1358-ORL-19DAB, 2008 WL 11336631, at *1 (M.D. Fla. May 8, 2008).

*Hislop v. Paltar Petroleum Ltd.*, 17-CV-02371-RBJ, 2018 WL 5014123 (D. Colo. Oct. 16, 2018), similarly denied a fee-shifting application against foreign defendants. *Id.* at *8.

In short, Plaintiff's motion for fee-shifting not only has no basis in the text of the Federal Rules, it is explicitly precluded by the Advisory Committee's Notes on the rules and the caselaw interpreting the rules.  It was in no way improper for SellerX to exercise its rights as a German corporation, subject to German law, by not waiving service of process pursuant to the Hague Convention.  The Court should therefore deny Plaintiff's motion.

## II.    The Court Should Decline Plaintiff's Invitation To Disregard the Text of Rule 4, the Advisory Committee's Notes, and the Caselaw Interpreting the Rule.

Plaintiff does not even address, let alone attempt to distinguish, *Steinberg*, *BDL Int'l*, *Campinha-Bacote, Hislop*, or *Estate of Miller*, even though SellerX cited each of those opinions in its opposition to Plaintiff's pre-motion letter.  When Plaintiff does address a subset of the authorities arrayed against its motion, its primary contention is that those authorities are simply wrong.  Plaintiff argues that Rule 4(d)(1) imposes a duty on foreign defendants, as well as domestic defendants, to avoid unnecessary costs of service, and that Rule 4(d)(2) does not explicitly prohibit the Court from shifting those costs to foreign defendants.  (*See*, *e.g.*, Plaintiff's M.O.L. at 3.)  Plaintiff argues that Rule 4 leaves open the question of whether courts have the authority, if not the obligation, to impose fee-shifting as a sanction for a purported failure to comply with Rule 4(d)(1).  The Court should reject this absurd contention, which would require the Court to ignore the text of the rule, the Advisory Committee's Notes, and the caselaw cited above.

To be clear, Plaintiff contends that the Court's purported authority to impose fee-shifting on foreign defendants derives not solely from Rule 4, but rather from the Court's "inherent authority" and "discretionary powers."  (Plaintiff's M.O.L. at 5, 9.)  Plaintiff does not cite any

6

judicial authority for this contention, which is based on a 2020 blog post.  (Plaintiffs' M.O.L. at 3
(citing https://www.haguelawblog.com/2020/04/rule-4d-waivers-and-fee-shifting/).)  The
blogger argues that District Courts should have the discretion to impose sanctions on the Rolls-
Royce corporation while declining to impose sanctions on "a blue-collar guy from Dorchester
[England], who saves up for years and takes his family to Disney World but gets in a car
accident."[4]  The blogger also argues that District Courts should exercise this discretion to shift
fees "absent good cause."[5]

Of course, there is *no* authority supporting the blogger's argument.  Indeed, the blogger
himself concedes that, "[u]nfortunately, there is no positive *on-point* case law on the 4(d) fee-
shifting issue– at least not that I can find."[6]  Despite Plaintiff's best efforts to find any such
authority, from any court, the best it could find are two inapposite opinions, neither of which
concerned a dispute over the scope of Rule 4.  Neither *Alticor Inc. v. Wang*, 1:19-CV-1098, 2020
WL 12675646 (W.D. Mich. Feb. 28, 2020), nor *Wilson v. USA*, 3:20-CV-01216-GCS, 2003 WL
317662, at *2 (S.D. Ill. Jan. 19, 2023), even concerns a fee-shifting application.  Although both
opinions suggest, in *dicta*, that district courts "may" have the discretion to shift the costs of
foreign service in an appropriate case, no application for fee-shifting was before either court, and
neither opinion gives any guidance as to what might constitute an appropriate case for fee-
shifting.  Plaintiff's citations to a 2020 blog post and two inapposite cases are notable primarily
for how little weight they add to Plaintiff's argument.

---

[4] https://www.haguelawblog.com/2020/04/rule-4d-waivers-and-fee-shifting/ (accessed on
4/19/23).
[5] *Id.*
[6] *Id.*

In *Capturion Network, LLC v. Liantronics, LLC*, 2:19-CV-13-TBM-MTP, 2022 WL 37137 (S.D. Miss. Jan. 4, 2022), the court rejected the exact argument that Plaintiff is making here—that even though Rule 4(d)(2) does not require courts to do so, courts have the inherent authority to shift fees to foreign defendants as a sanction for alleged failure to comply with Rule 4(d)(1). *Id.* at *1 ("Plaintiff argues that despite the language of Rule 4(d)(2), the Court may shift the cost of service to [the foreign defendant] because Rule 4(d)(1) provides that a defendant has 'a duty to avoid unnecessary expenses of serving the summons.' The Court disagrees.").

If the drafters of Rule 4 had wanted to impose fee-shifting as a sanction for any purported violation of Rule 4(d)(1), they could have written Rule 4 to say so. They did not. Instead, in the very next provision of Rule 4, the drafters made it unmistakably clear that fee shifting is an appropriate sanction *only* for defendants located within the United States that fail to return waivers requested by plaintiffs located within the United States. *See* Fed. R. Civ. P. 4(d)(2). That is why the Advisory Committee's Notes state that there are no "adverse consequences" to a foreign defendant that declines to waive Hague Convention service, and why the Ninth Circuit noted that Rule 4(d)(2) "exempts [foreign defendants] from the costs for a failure to execute the waiver." *O'Rourke Brothers, Inc.*, 201 F.3d at 951. Those interpretations—unlike Plaintiff's unique reading of Rule 4—are consistent with the Supreme Court's admonition that the meaning of a statute must be sought in the language in which it is framed. *Caminetti*, 242 U.S. at 485; *see also id.* at 497 ("It is a peremptory rule of construction that all parts of a statute must be taken into account in ascertaining its meaning.").

Plaintiff provides no compelling reason to elevate its proposed interpretation of Rule 4 above the express guidance of the Advisory Committee or the considered opinions of the Ninth

Circuit the Seventh Circuit, and numerous other courts—including this one—that have interpreted Rule 4 to mean what it says.

### III.   The Court Should Disregard Plaintiff's Red Herrings.

Finally, the Court should disregard the red herrings with which Plaintiff pads its brief. It is not relevant, for example, that there are persons at SellerX who speak English. (*Cf.* Plaintiff's M.O.L. at 2-3 and n. 6.) Much of the caselaw cited above, including *Steinberg* and *Campinha-Bacote*, concerns service on foreign defendants in English-speaking countries.

It is similarly irrelevant that Plaintiff gave SellerX the opportunity to review the Complaint and analyze its claims before even attempting formal service. (*Cf.* Plaintiff's M.O.L. at 4.) It was Plaintiff's decision to give SellerX's counsel a copy of the Complaint. More importantly, SellerX's refusal to waive service was not based on any abstract notion of due process or fairness, as Plaintiff suggests. (*Id.* ("Because there was no possibility of any violation of Defendant's right to due process under these circumstances, Defendant's refusal to execute and return the waiver was unjustified and made in bad faith.").) SellerX's refusal to waive service was based on SellerX's very real and concrete right, as a foreign corporation, to insist on service that complied with the Hague Convention. Plaintiff may find the Hague Convention to be an "outdated treaty," (*id.* at 13), but it is still the supreme law of the land. *Ackermann*, 788 F.2d at 838. In other words, Hague Convention service *was* the due process to which SellerX was entitled, and Plaintiff has given the Court no authority and no reason to shift the cost of complying with the law to SellerX.

## CONCLUSION

For all of the reasons set forth above, SellerX respectfully requests that the Court deny

Plaintiff's Motion for Expenses.

Dated: New York, New York
      April 19, 2023

Respectfully submitted,

**BROWN LAW GROUP, PLLC**

By: _____
    Daniel J. Brown, Esq.
    Judd R. Spray, Esq. (Of Counsel)
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel: (212) 485-9805
Dan@BrownLawGroupLLC.com
*Attorneys for Defendant SellerX Eight GmbH*

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, I caused the foregoing document to be served, via

CM/ECF, to all counsel of record in this action.

Dated: New York, New York
       April 19, 2023

Respectfully submitted,

**BROWN LAW GROUP, PLLC**

By:       _____

      Daniel J. Brown, Esq.

      Judd R. Spray, Esq. (Of Counsel)
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel: (212) 485-9805
Dan@BrownLawGroupLLC.com
*Attorneys for Defendant SellerX Eight GMbH*